## GENEROSO FERNANDEZ & COMPANY, Plff.,

*v.*

## HARTFORD FIRE INSURANCE COMPANY, Dft.

San Juan, Law, No. 1509.

PRACTICE.

Postponement of Trial—Proposed Settlement Insufficient.
    1. Where a defendant desires a change of date of trial and urges as a ground that a settlement is being attempted, this alone is. not sufficient for the granting of the motion if opposed by the plaintiff.

Postponement of Trial—Specific Facts to be Shown by Absent Witness.
    2. Where a party seeks a postponement of a trial upon the ground that an important witness who has been served with a subpœna has left the country, the court is not authorized to grant the motion unless the party seeking such continuance sets up by proper affidavit the specific facts material which he expects to prove by such departed witness, and he must satisfy the court that he is unable to prove those facts by other witnesses.

Opinion filed May 27, 1922.

*Mr. H. R. Francis* for plaintiff.

*Mr. H. F. Besosa* for defendant.

ODLIN, Judge, delivered the following opinion:

On this 27th day of May, 1922, there has been argued and submitted a motion filed by counsel for the defendant for a

Fernandez & Co. v. Hartford Fire Ins. Co.

postponement of the trial which had already been set for May, 31, 1922, by consent of all parties, and the motion is based upon the following grounds:

1. That the plaintiff and defendant are at the present time considering a settlement and compromise of this case, and this defendant believes that a settlement will be finally made. It is clear that this ground is not basis for a postponement of the time of trial. If it be a fact that the defendant is considering a settlement and compromise of this case and desires to avoid a trial on May 31, the defendant still has four days in which to complete the proposed settlement.

2. Another ground is that the defendant subpœnaed one Cantero as a witness and the defendant has just been informed that Cantero left for Spain a few days ago. In connection with this second ground of the motion it is necessary to consider the third ground, which is that defendant cannot go to trial without the said witness Cantero, and that if he is forced to do so the defendant will be deprived of this defense.

The court will pass upon the second ground and the third ground as one. The decisions are almost uniform that where the defendant seeks a continuance of a trial upon the ground that a certain party is needed as a witness and that a subpœna has been served upon that witness and that the witness disregarded the subpœna and left the country, it is necessary that the defendant should set forth specifically the facts material to his defense which he expects to prove by this witness, and he must also satisfy the court that it is impossible for him to prove these elements of his defense by means of other witnesses. It is always possible that by setting forth the facts which the defendant expects to prove by the absent witness, the plaintiff may

Fernandez & Co. v. Hartford Fire Ins. Co.

admit the same, but it is impossible for the plaintiff to say whether or not he would admit such facts unless they are set forth.

For these reasons, the court is clearly of the opinion that the present motion for a postponement is not well founded, and the same is therefore denied. To this ruling counsel for defendant excepts.

It is so ordered.